**Law Offices of Albert J. Rescinio, L.L.C.**
**1500 Allaire Avenue - Suite 101**
**Ocean Township, New Jersey  07712**
**Telephone:  (732) 531-2005**
**Telefax:      (732) 531-8009**
**By:    Albert J. Rescinio, Esq. (ID#034331989)**
**Attorney for Plaintiff Neal DeBenedetto**
**#4340**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**TRENTON VICINAGE**

| | |
|---|---|
| **Neal DeBenedetto,** | **Civil Action No. _____** |
| *Plaintiff,* | |
| **v.** | |
| **(1)  Lacey Township Board of Education;**<br>**(2)  Ocean County Vocational Technical School;**<br>**(3)  Gregory Brandis;**<br>**(4)  Mark Angelo;  and**<br>**(5) "JOHN DOES 1-10" (fictitious names),** | *Civil Action:* |
| *Defendants.* | |

**COMPLAINT AND JURY DEMAND**

Plaintiff Neal DeBenedetto,  residing at 1480 Clearview Street in the town of Forked River in the County of Ocean and State of New Jersey, by way of Complaint and Jury Demand, says as follows:

## JURISDICTION AND VENUE:

**A.**    **Jurisdiction:**

**1.**    Jurisdiction to entertain Plaintiff's Federal claims is conferred on the United States District Court pursuant to 28 *U.S.C.* §1331.  Jurisdiction to entertain Plaintiff's New Jersey State Law Claims is conferred pursuant to 28 *U.S.C.* §1367.   Authority to grant the Plaintiff's claims for declaratory and injunctive relief is authorized by 28 *U.S.C.* §2201 and 28 *U.S.C.* §2202 ("Federal Declaratory Judgments Act"), *Rule* 57 (Declaratory Relief) and *Rule* 65 (Injunctions) of the *Federal Rules of Civil Procedure,* by *L.Cv.R.* 65.1 of the *Rules of the United States District Court for the District of New Jersey, N.J.S.A.* 2A:16-50 to -62 ("New Jersey Declaratory Judgment Act") and by general legal and equitable powers of this Court.

**B.**    **Venue:**

**2.**    Venue is proper in the District of New Jersey, Trenton Vicinage, pursuant to 28 *U.S.C.* §1391.

## THE PARTIES:

3.     Plaintiff Neal DeBenedetto (hereinafter "plaintiff") is an adult male, a resident of Ocean County  New Jersey, and is former student at Lacey Township High School and Ocean County Vocational Technical School.

4.     Defendant Lacey Township Board of Education (hereinafter "defendant Lacey School Board") is a municipal entity of the State of New Jersey.  This defendant qualifies as a "person" within the meaning of the Federal Civil Rights Act, 42 *U.S.C.* §1983 and the New Jersey Civil Rights Act, *N.J.S.A.* 10:6-1 et seq.  At all times relevant herein this defendant was operating in accordance with and pursuant to a clearly established policy, practice and custom under color of New Jersey State Law. This defendant's principal place of business is located at 200 Western Boulevard in the town of Lanoka Harbor, County of Ocean and State of New Jersey.

5.     Defendant Ocean County Vocational Technical School (hereinafter "Ocean VTS") is a municipal entity of the State of New Jersey.  This defendant qualifies as a "person" within the meaning of the Federal Civil Rights Act, 42 *U.S.C.* §1983 and the New Jersey Civil Rights Act, *N.J.S.A.* 10:6-1 et seq.  At all times relevant herein this defendant was operating in accordance with and pursuant to a clearly established policy, practice and custom under color of New Jersey State Law. This defendant's principal place of business

is located at 137 Bay Lea Road in the town of Toms River, County of Ocean and State of New Jersey.

6.  Defendant Gregory Brandis (hereinafter "defendant Brandis") is and was at all times relevant herein the Principal of the Lacey Township High School. This defendant is a "person" within the meaning of the Federal Civil Rights Act, 42 *U.S.C.* §1983 and the New Jersey Civil Rights Act, *N.J.S.A.* 10:6-1 et seq. At all times relevant herein this defendant was acting under color of New Jersey State Law. At all times relevant herein this defendant acted with callous disregard and / or with deliberate indifferent to plaintiff's protected Federal and New Jersey State constitutional rights. This defendant's address / principal place of business is located at 73 Haines Street in the town of Lanoka Harbor, County of Ocean and State of New Jersey.

7.  Defendant Mark Angelo (hereinafter "defendant Angelo") is and was at all times relevant herein the Assistant Principal of the Lacey Township High School. This defendant is a "person" within the meaning of the Federal Civil Rights Act, 42 *U.S.C.* §1983 and the New Jersey Civil Rights Act, *N.J.S.A.* 10:6-1 et seq. At all times relevant herein this defendant was acting under color of New Jersey State Law. At all times relevant herein this defendant acted with callous disregard and / or with deliberate indifferent to plaintiff's protected Federal and New Jersey State constitutional rights. This

defendant's address / principal place of business is located at 73 Haines Street in the town of Lanoka Harbor, County of Ocean and State of New Jersey.

8.  Defendants "JOHN DOES 1-10" (fictitious names) is / are any yet to be identified responsible and liable parties whose names and identities could not reasonably have been identified prior to plaintiff's filing herein.   This / these defendant(s) is / are "person(s) " within the meaning of the Federal Civil Rights Act, 42 *U.S.C.* §1983 and the New Jersey Civil Rights Act, *N.J.S.A.* 10:6-1 et seq.  At all times relevant herein this / these defendant(s) was / were acting under color of New Jersey State Law.  At all times relevant herein this / these defendant(s)  all acted with callous disregard and / or with deliberate indifferent to plaintiff's protected Federal and New Jersey State constitutional rights.

## THE FACTS:

9.  On or around February 2019 plaintiff was age 16 years and 10 months and was a normal and typical third year high school student at Lacey Township High School and Ocean VTS who was interested in music.

10.  On February 9, 2019, plaintiff from his home went online and ordered and a "bullet belt" off of EBay® with the express consent of his parents.  A "bullet

belt" is a belt with fake bullets decorating as if they were actually part of a belt that would fit into a machine gun.  "Bullet belts" are often worn by heavy metal musicians as part of a musical act.  As noted, plaintiff did this with the permission of his parents whose only condition of allowing plaintiff to purchase the "bullet belt" was that he could never wear or bring this belt anywhere near his or any school or school function.

11.   The next day, and again while at home, on February 10, 2018 after looking at the US Mail tracking information for his purchased "bullet belt" the information showed that the merchandise was already in New Jersey and was ahead of schedule for delivery to him.  Plaintiff in turn posted a social media "TWEET®" that read:  *I ordered 5.56 45mm bullets yesterday and they're already in NJ"?*  Like bless the post office they're some hard af workers" (with "af" meaning slang "AS FUCK").

12.   And it is undisputed that while plaintiff indeed purchased and owned a "bullet belt", it was ordered by plaintiff while at home (ie. "off campus") and plaintiff never brought or wore this "bullet belt" anywhere near his school, any other school, or any school event.

13.   Totally unrelated to plaintiff, on February 14, 2019 the now infamous tragic and sad "Parkland School Shooting" event occurred when an insane deranged lone gunman Nikolas Cruz entered the Marjory Stoneman Douglas

High School with a semi-automatic rifle and killed 17 people and injured 17 other people.

14.  It is undisputed that plaintiff had nothing to do with the so called "Parkland School Shooting" and never endorsed or spoke positively of such abhorrent conduct and actions ever at any time and in any context.

15.  On February 18, 2019 while at home plaintiff received a social media "SNAPCHAT®" post from a South Carolina student that had been shared with him that was a picture of that South Carolina student holding a gun (real or fake unknown) with the accompanying text from the South Carolina student that read "*Round 2 of Florida tomorrow*".

16.  Plaintiff believed that this South Carolina student was being sarcastic, but nevertheless believed that saying such a thing was irresponsible and would only be said by a stupid or mentally deficient person.  There is a well known southern insult phrase "*… bless his heart …*" which is the response given in the south to someone who says something stupid by a person you think is stupid.  Rather than say "what you say is stupid and so are you" as your response, you instead say "*… bless his heart …*".  This is a common and commonly understood phrase:  When someone says this to you, they are not really saying bless you, they are calling you a stupid idiot.

17.    Plaintiff therefore added the text phrase "*Fucking bless this mans (sic)*" to the post (meaning plaintiff thought that the South Caronina student who said this was a stupid idiot for saying such a thing) and re-posted it on social media on "SNAPCHAT®".

18.    Almost immediately (and while at home) plaintiff deleted his "SNAPCHAT®" social media re-post believing it was not something he should even be sounding on with criticism.

19.    Somehow the defendants were made aware of the February 10, 2019 social "TWEET®" plaintiff had sent from home and the (almost immediately deleted) February 18, 2019 "SNAPCHAT®" social media re-post.

20.    Both the February 10, 2019 social "TWEET®" plaintiff had sent from home - which occurred prior to the tragic Parkland Shooting Incident" - and the (almost immediately deleted) February 18, 2019 "SNAPCHAT®" social media re-post plaintiff had sent from his home - which occurred after to the tragic Parkland Shooting Incident – read and understood in context do not advocate or endorse gun violence (quite the contrary) and have nothing to do with the school, school events, or other students.   All of this conduct occurred at plaintiff's home and had literally nothing to do with his school or any other school, school events, or students.

21.    The law has long been "clearly established" that the electronic social media speech at issue in this case and the conduct of the plaintiff in this case constitutes "off campus speech" within the meaning of *Layshock ex rel. Layshock v. Hermitage School District,* 650 *F.3d* 205 (3d Cir. 2011) (*en banc*) and *JS Ex Rel. Snyder v. Blue Mountain School District*, 650 F.3d 915 (3rd Cir. 2011) (*en banc*) and therefore was and is expressly subject to the protections of the First Amendment made applicable to the states and state actors by the virtue of the Fourteenth Amendment, and therefore the law is also clearly established that such "off campus speech" protected by the First Amendment is beyond the reach and the authority of the local schools to regulate and / or censor and / or punish.

22.    Notwithstanding such clearly established law, the named defendants, at all times acting under color of New Jersey State laws, commenced investigations of plaintiff, ultimately resulting in plaintiff being accused of and suspended by defendants Brandis, Angelo, "JOHN DOES 1-10" and Lacey School Board and for "inappropriate use of technology" and by defendants Brandis, Angelo, "JOHN DOES 1-10" and Ocean VTS for disorderly conduct. Ultimately plaintiff was forcibly subjected to extensive psychiatric evaluation and multiple suspensions (including long term suspension) in the spring of his senior year all because of these two off

9

campus tweets that did not advocate violence and did not involve or relate in any way to the school or school functions.

23. Moreover, on March 2, 2019 attorney for defendant Lacey Township School Board, Christopher M. Supsie, Esq. conceded in writing in a letter to plaintiff's parents that the actions of the collective defendants in accusing and charging and attempting to discipline and actually disciplining plaintiff - for was and is "off campus speech" that is expressly subject to the protections of the First Amendment of the *United States Constitution* and Article I , ¶6 of the *New Jersey State Constitution* (1947) that is therefore beyond the reach and the authority of the local school officials and schools to regulate and / or censor and / or punish – was being conducted pursuant to "… *a violation of the Lacey Township Board of Education policies …*" and confirming that the *"… long-term suspension issued to [plaintiff was issued] pursuant to the Lacey Township policies*." Such direct admission operates to impose *per se* 42 *U.S.C.* §1983 municipal liability on defendants Lacey School Board and Ocean VTS for violating plaintiffs rights pursuant to a "policy". *See Monell v. Department of Social Service,* 436 *U.S.* 658 (1978).

24. The law has long been "clearly established" that the electronic social media speech at issue in this case and the conduct of the plaintiff in this case constitutes "off campus speech" within the meaning of *Layshock ex rel.*

*Layshock  v. Hermitage Sch. District,* 650 *F.3d* 205 (3d Cir. 2011) (*en banc*) and *JS Ex Rel. Snyder v. Blue Mountain School District*, 650 F.3d 915 (3rd Cir. 2011) (*en banc*) and therefore was and is expressly subject to the protections of the First Amendment made applicable to the states and state actors by the virtue of the Fourteenth Amendment, and therefore the law is also clearly established that such "off campus speech" protected by the First Amendment is beyond the reach and the authority of the local schools to regulate and / or censor and / or punish.

## LEGAL CLAIMS:

### FIRST COUNT:
### Federal Civil Rights Violation Claim - 42 *U.S.C.* §1983

25.   Plaintiff hereby repeats and re-alleges all factual allegations as contained in the previous paragraphs as if set forth fully at length herein.

26.   The First Amendment to the United States Constitution provides as follows:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

[*United States Constitution*, First Amendment].

27.    The First Amendment speech and expression protections guaranteed to all citizens against actions of the Federal Government has been extended to equally apply to actions of State Governments that seek to infringe upon speech and expression by virtue and application of the Fourteenth Amendment.

28.    The law has long been "clearly established" that the electronic social media speech at issue in this case and the conduct of the plaintiff in this case constitutes "off campus speech" within the meaning of *Layshock ex rel. Layshock v. Hermitage School District,* 650 *F.3d* 205 (3d Cir. 2011) (en banc) and *JS Ex Rel. Snyder v. Blue Mountain School District*, 650 F.3d 915 (3rd Cir. 2011) (en banc) and therefore was and is expressly subject to the protections of the First Amendment made applicable to the states and state actors by the virtue of the Fourteenth Amendment, and therefore the law is also clearly established that such "off campus speech" protected by the First Amendment is beyond the reach and the authority of the local schools to regulate and / or censor and / or punish.

29.    The defendants' attempts to regulate and attempts to censor and overt punishment of plaintiff's for his First Amendment protected off-campus speech clearly violated the plaintiffs Federally protected rights under the

First Amendment under color of state law in violation of 42 *U.S.C.* §1983

proximately resulting in damage to plaintiff.

**30.**  42 *U.S.C.* §1983 was enacted by Congress to provide citizens with a remedy

for state action that deprives or is aimed at depriving a person of their rights

as secured and guaranteed by the *United States Constitution* and federal

laws.

**31.**  42 *U.S.C.* §1983 provides as follow:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person in the jurisdiction thereof to be deprived of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purpose of this section any act of Congress applicable exclusively to the District of Columbia shall 15 be considered a statute of the District of Columbia.

[42. *U.S.C.* §1983].

**32.**  42 *U.S.C.* §1983 provides a remedy for state action aimed at depriving

persons of their rights as protected and guaranteed by the Constitution and

laws. 42 *U.S.C.* §1983, in addition to other remedies, authorizes declaratory

relief, injunctive relief, nominal damages, compensatory damages, punitive

damages and attorneys' fees.

13

33.   For a party to prevail in an action under 42 *U.S.C.* §1983, it must be shown that [1] there has been / is / will be a violation of that party's rights as guaranteed and secured by the Federal Constitution or laws, and [2] that such violation was caused either directly or by a pattern, practice, usage or custom, by a "person" acting under the color of state law.

34.   In the present case the defendants knowingly and with reckless and callous and deliberate indifference violated plaintiff's clearly established First Amendment rights as aforesaid under color of state law proximately resulting in damage to Plaintiff.

35.   More specifically, the defendants' attempts to regulate and attempts to censor and overt active punishment of plaintiff's for his First Amendment protected off-campus speech clearly violated the plaintiffs clearly established federally protected rights under the First Amendment under color of state law in violation of 42 *U.S.C.* §1983 proximately resulting in damage to plaintiff.


**SECOND COUNT:**
**New Jersey Civil Rights Violation Claim - N.J.S.A. 10:6-1 et seq.**

36.   Plaintiff hereby repeats and re-alleges all factual allegations as contained in the previous paragraphs as if set forth fully at length herein.

**14**

37.   The "New Jersey Civil Rights Act" (the "*NJCRA*"), codified at *N.J.S.A.* 10:6-1 et seq., provides for both actions by the Attorney General in the name of the State and also allows a private party to bring an action for injunctive relief and damages for federal and state Civil Rights violations. *See N.J.S.A.* 10:6-2(a) & (c).

38.   *N.J.S.A.* 10:6-2(c) provides as follows:

> c. Any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief. The penalty provided in subsection e. of this section shall be applicable to a violation of this subsection.

[*N.J.S.A.* 10:6-2(c)].

39.   A prevailing party may also recover their attorneys' fees. *See N.J.S.A.* 10:6-2(f).

40.   Article I, ¶7 of the *New Jersey State Constitution* (1947), as amended, provides as follows:

> 6. Every person may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that right. No law shall

**15**

be passed to restrain or abridge the liberty of speech or of the press. In all prosecutions or indictments for libel, the truth may be given in evidence to the jury; and if it shall appear to the jury that the matter charged as libelous is true, and was published with good motives and for justifiable ends, the party shall be acquitted; and the jury shall have the right to determine the law and the fact.

[Article I, ¶6 of the *New Jersey State Constitution* (1947), as amended].

41.     In the present case the named defendants knowingly and with deliberate indifference violated plaintiff's Federal Rights under the *United States Constitution's* First and Fourteenth Amendments as aforesaid under color of New Jersey state law, and also an equally violated plaintiff's rights as guaranteed and secured by Article I, ¶7 of the *New Jersey State Constitution* (1947), as amended, under color of New Jersey state law, both proximately resulting in damage to plaintiff.

## STATUTE OF LIMITATIONS:

42.     The United States District Court for the District of New Jersey has repeatedly interpreted NJCRA analogously to §1983. *Hottenstein v. City of Sea Isle City,* 977 *F.Supp.2d* 353, 365 (D.N.J. 2013), amended, No. CV 11-740 (JEI/JS), 2013 WL 12152481 (D.N.J. Oct. 16, 2013) (quoting *Pettit v. New Jersey*, 2011 WL 1325614, at *3 (D.N.J. Mar. 30, 2011)). "The

NJCRA and §1983, when pled together, are analyzed under the same standard...[.]" *Id.*

43.     The statute of limitations for claims under the *NJCRA* is two years. *Lapolla v. County of Union*, 449 *N.J.Super.* 288, 298 (App. Div. 2017) (citing *N.J.S.A.* 2A:14-2(a)).

44.     New Jersey State law provides the statute of limitations for a claim under 42 *U.S.C.* §1983 and determines when the claim accrues. *Dique v. New Jersey State Police*, 603 *F.3d* 181, 185 (3d Cir. 2010).  A §1983 claim is a personal injury claim, and therefore is governed by New Jersey's two-year statute of limitations for personal injury torts. *Id.*

45.     State law, unless inconsistent with federal law, also governs whether the statute of limitations should be tolled. *Id.* Personal injury actions under *N.J.S.A.* 2A:14-2 are governed by the New Jersey infancy tolling statute, *N.J.S.A.* 2A:14-21. *Rolax v. Whitman,* 175 *F.Supp.2d* 720, 726 (D.N.J. 2001) *aff'd* 53 *F.App'x* 635 (3d Cir. 2002).

46.     *N.J.S.A.* 2A:14-21 provides, in relevant part:

> If a person entitled to commence an action or proceeding specified in *N.J.S.A.* 2A:14-1 to 2A:14-8 or *N.J.S.A.* 2A:14-16 to 2A:14-20 … is under the age of 18 years … *the person may commence the action … within the time as limited by those statutes, after reaching majority*…[.]" (Emphasis added).

[*N.J.S.A.* 2A:14-21].

47. In New Jersey the "age of majority" is 18 years of age, and the plaintiff reached the age of majority on April 11, 2019 and he filed this action prior to April 11, 2021, within two years after he reached the age of majority, and therefore both the §1983 legal claims and NJCRA legal claims as asserted herein are and were brought within the applicable statute of limitations and are therefore timely filed.

## **REQUEST FOR REILEF:**

**WHEREFORE,** plaintiff hereby demands judgment against defendants individually, jointly or severally as follows:

**A.)** An Order pursuant to 42 *U.S.C.* §1983 and 28 *U.S.C.* §2201 and 28 *U.S.C.* §2202 ("Federal Declaratory Judgment Act"), and also *N.J.S.A.* 10:6-2(c) and *N.J.S.A.* 2A:16-50 to -62 ("New Jersey Declaratory Judgment Act") specifically DECLARING that defendants have violated plaintiff's protected federal and state constitutional rights;

**B.)** An Order PERMANENTLY ENJOINING the collective defendants from continuing to violate plaintiff's protected federal and state rights;

**C.)** An Order awarding plaintiff "Nominal Damages";

**D.)** An Order awarding plaintiff "Compensatory Damages";

**E.)** An Order awarding plaintiff "Punitive Damages";

**F.)** Judgment pursuant to 42 *U.S.C.* 1988 and *N.J.S.A.* 10:6-2(f) awarding plaintiff interest, costs of suit, and reasonable attorneys fees; and

**G.)** Requiring Plaintiff's school records and transcripts to be cleared of all references, notations, or records relative to this incident and suspension or otherwise have all records related to this incident and suspension sealed and not subject to distribution to any individual or entity other than the plaintiff.

**H.)** Judgment awarding plaintiff such further relief as the Court deems fair, just and equitable.

s/*Albert Rescinio*

_____
**ALBERT J. RESCINIO, ESQ.**
**Attorney for Plaintiff**
**Neal DeBenedetto**

.

## JURY DEMAND:

Plaintiff hereby demands a jury trial on all contested issues of material fact.

s/*Albert Rescinio*

_____
**ALBERT J. RESCINIO, ESQ.**
**Attorney for Plaintiff**
**Neal DeBenedetto**

.

## CERTIFICATION OF OTHER PROCEEDINGS AND PARTIES:

Pursuant to *L.Civ.R.* 11.2 and 28 *U.S.C.* 1746(1) I hereby certify that the matter in controversy is not the subject to any other action pending in any court or of a pending arbitration proceeding and no other action or arbitration proceeding is contemplated, and that I know of no other parties that should be joined in this action.

*I declare, certify, verify and state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

**Executed on March 30, 2021**

s/*Albert Rescinio*

_____
**ALBERT J. RESCINIO, ESQ.**
**Attorney for Plaintiff**
**Neal DeBenedetto**